Good morning, Your Honors. Chris Lavoie, on behalf of Appellant Congrejo Investments, LLC. I'd like to reserve five minutes for rebuttal. Just watch the clock. May it please the Court, the central issue on appeal is whether the trustee's Section 549 avoidance claim was timely filed. That analysis has two steps. The first is whether the trustee filed her claim in the two-year statutory period. And if not, the second is whether equitable tolling is available to rescue her otherwise untimely claim. But isn't there a jurisdictional question here? There is a threshold jurisdictional question, although I do believe that the case law supports strongly our position that when either a district court or BAP decision remands for fact-finding, but embedded within that is a question of law that would obviate the need for fact-finding, if ruled in favor of the appellant on further appeal, that that qualifies as a final order. Well, this doesn't sound like a final order to me. If it's being remanded to the bankruptcy court, I just need some help on your argument. Sure. There's a long line, again, of Ninth Circuit cases that first recognize the general rule that if there's a remand for fact-finding that normally is not final, but then carve out an exception that says, if embedded within the case is a pure question of law that would obviate the need for fact-finding, then it is final. And the case that I would direct Your Honors to is the Matsumoto case. Well, let's start with Stanton first. You're familiar with the Stanton case. Yes. When the bankruptcy court issues a final order and BAP affirms order versus the order is final, when BAP remands for further factual findings related to a central issue raised on the appeal, that order is not final and we lack jurisdiction. How do you get around that? Well, again, I can only refer to the many Ninth Circuit cases that say that when there is a pure question of law, and I believe there are three questions of law here that would obviate the need for fact-finding, that it is deemed final for purposes of further appellate review. Well, we can't just say, gee, everything's in confusion in Ninth Circuit, so there's jurisdiction. I mean, we can't do that. Now, admittedly, there's some of us that think that jurisdiction is a serious matter and that you ought to send it back. And we've had some opinions that for those that are traditionalists and believe in judicial administration in Federal jurisdiction, we have trouble sorting it out. But we've got to cite a case, not just saying, well, generally you allow it, so why don't you just allow it here? Well, we cited Ernst & Young v. Matsumoto, and that case is about as close to the spotted cow that we have here as you can have. It's Ernst & Young v. Matsumoto, 14F3rd, 1380. That was a 1994 Ninth Circuit decision. And in Matsumoto, I believe it was a Section 549 avoidance claim, as we have here. If it was not Section 549, it was 547 or 548. And the court had the BAP or district court had remanded the case to the trial court, the bankruptcy court, for further fact-finding to determine whether equitable tolling was available on the facts. And the Ninth Circuit accepted review of that case, notwithstanding the remand for fact-finding, because it held that the equitable tolling issue could be resolved as a matter of law, and, therefore, that would obviate the need for the fact-finding remand, and the Ninth Circuit accepted jurisdiction. Let me quote from that case, Matsumoto. We will, however, assert jurisdiction, even though a district court has remanded a matter for factual finding on a central issue, if that issue is legal in nature and its resolution either could dispose of the case or proceeding and obviate the need for further fact-finding, or two, in the disjunctive, would materially aid the bankruptcy court in reaching its disposition on remand. And then I have footnote 1 after our citation of that case on page 3 of our opening brief, which lists a string cite of cases in the Ninth Circuit establishing When was that case decided? Matsumoto was decided in 1994, and the cases that we've cited for that same proposition in footnote 1 of page 3 of our opening brief range from 1985 to 2005. In 2005, in United States v. Fowler, 394 F. 3rd, 1208, the district court reversal with remand for fact-finding was deemed, quote, final, because, quote, deciding the legal question now would be judicially efficient, would not interfere with the bankruptcy court's fact-finding role, and it would avoid additional harm. Okay. We've tried as a court to get together with this in Vailene after pointing out that we'd gone astray, but we can't do anything about it without in-bank help. I think Judge Beezer was very charitable in how he stated that. But then he developed a factors test, eight factors, the four factors that we're going to look at, and he tried to put together those cases. It seems to me that if our panel is looking at something, we shouldn't just say that all these cases are mixed. We ought to look at a case that gives us analysis. Why not look at Vailene and take a look at the four factors? Well, admittedly, there the the the with regard to any confusion on this issue, I perceive the confusion as to whether the test is a straight, is there a pure question of law that would obviate the need for fact-finding, or do we have a multi-factor to test? That isn't it. The question is, is do we really mean that we want something final? We say that's final. It's really not final. No one really says that. It says we're going to take it. So if we're going to do that, we ought to have some method of analysis. I thought Vailene and setting up factors was a reasonable way to go about it. Well, I would submit even under that multi-factor, the test with three pure questions of law embedded that would obviate the need for fact-finding in this case. Counsel, it's hard to even think of a case where if a particular legal question was not decided a particular way, it wouldn't decide the case. There is but it is often the case that if it were decided the other way, it would not control the outcome, it would not determine the outcome, it would just leave things open. When I look at what predominates in this case, it looks to me as though the critical thing is just what the BAP said. Was there really a trust at all, or is the whole thing phony? Well, I respectfully say they remand to find out if it's a sham trust, and it looks as though before we create a whole bunch of law, it would be nice to know that, because it would obviate the need to write a lot of law that might be wrong. Well, it seems to me that Your Honors may be saying, look, let's send this back because we may want to avoid a very tangled issue over the continued validity of Socap Gonzalez. And respectfully, I think we need to hit that issue head on, because we're going to hit it no matter what. I don't know why. It's chronically hard to figure out what is a final, appealable order in a bankruptcy case, because of the nature of bankruptcy. It'll never get any easier, because the nature of bankruptcy is that there's one bankruptcy, and there are a whole lot of disputes. And disputes get put to bed, but the bankruptcy continues. Sure. I guess my response would be that were Your Honors to take the position that, look, if there is any component to the BAP or district court judgment that remands for fact-finding, it's non-final, and we lack appellate jurisdiction, I mean, certainly that's a rule you can adopt. In fact, I think the Seventh Circuit has adopted that. The Ninth Circuit ---- Do we have any discretion? Sometimes you have something where there's a legal issue that's pretty easy to approach, and the factual issue is going to be a three-week trial on damages. So it's really attractive, at least if you're a trial judge or a trial lawyer, to get the legal issue decided. Other times, the factual issue is critical. Here, the factual issue is, well, kind of like the liability part instead of the damages part of a case. Let me say this. I think that Your Honors would just be deferring the inevitable, because if we go back on remand and the trust is determined to be a, quote, sham, we will be back here in however many years on the pure question of law of whether Sokup Construction and Gonzalez has been implicitly overruled by Pace and Lawrence. Do we have any discretion because of the nature of the multi-factor test? I think you have what I would call principled, as opposed to personal discretion, under the multi-factor test. In other words, you can apply those factors in a legal balancing analysis, but I don't think it's just a discretionary analysis that says, I want to avoid a hot potato, so I'm going to send this back to the trial court and let further factor finding go on. We can't do that. But if you want us to go back, and I can understand your position on it, you'd like to go back and make this determination if, in fact, you're able to show that you can't get it waived, you're home free. But the thing that they say that the BAP is sending it back for is not for that. It's a different issue. They want the bankruptcy court to take evidence on it. And that issue will be entirely neutralized if we, my client, prevails on the statute of limitations issue. In other words, if Your Honors were to rule that's true. But suppose you don't prevail, then we're going to have to do piecemeal we'll have to do piecemeal process. Well, it's going to be piecemeal no matter what. I mean, that's my point. Your Honors are suggesting let's avoid our deciding these difficult issues and send it back for remand. No, not difficult issues. We take the issue we have. The point is, is whether which way is piecemeal litigation. It looks almost like it's going to come up twice no matter what we do. Let me tell you that this case will absolutely – I mean, I'm not particularly optimistic of prevailing on the fact question on remand. And this case will be back up at this Court on the same issue that is presented today in two years, or three, depending on what the appellate cycle is these days. We will be back here. There is no doubt. The question is who – On the family trust issue. No. We will be back here on the statute of limitations issue. Statute of limitations. That's correct. I mean, there is a fundamental question of law involved here, and that is whether this circuit's en banc decision in Socap Gonzalez remains viable. And if it is no longer viable, then trustee's claim is time barred. There are no disputed facts related to that. It is 100 percent crystal clear. It is as crystal clear or crystallized a question of law as I have seen in some time. But this question of, well, there's fact-finding, well, yes, there is fact-finding, but there will be no need for that fact-finding. Counsel, you're down to about two and a half minutes. You may want to reserve. I'll reserve. Thank you. We'll hear from the trustee. Good morning, Your Honors. I'm David Engelman. I represent Diane Mann. You'll want to speak directly into that microphone. Thank you, Your Honor. It's probably made for people taller than myself. I represent Diane Mann, and we are special counsel to Diane Mann, who is the Chapter 7 trustee of the William Bender bankruptcy case. We are here to try to recover a piece of property in Hawaii that we believe was transferred improperly pursuant to Section 549 of the Bankruptcy Court. And I want to spend most of my time, depending upon the questions you may have, with the time issue, but I will address some of the comments. Why don't you start with what the rule is that we're to apply. We've scattered through the books all sorts of ideas, and it's our fault, but you've got to put it together. And counsel has indicated one argument for it being not final, and we'll send it being final, and we should be taking it. And you, I take it, believe that it should go back. What is the law analysis that you would have us apply? I think the law is the Vilene analysis, if I'm pronouncing it correctly. And I think the Court needs to apply the four factors, because I think the courts are the judges are correct right on that this is not a final judgment. That is as clear as a bell from the BAP decision. So now the question is whether you are going to apply what is a little confusing as to what the Court imposed. Exception to that rule is that you don't. Is that the Ernst and Young case? The Ernst and Young case, I'm familiar with the Ernst and Young case. Which is the case that you're referring to? Vilene. Vilene, yes, Your Honor. And there's other cases, the Bonner-Mall case, which also mentions this exception that counsel is talking about. But in all of these cases where they talk about the two-prong exception, the courts always, the Ninth Circuit has always applied these four factors in every case that I've read. We've, in the, I'm not as familiar with the record as you are, but maybe you can correct me. In this case, the, it was always looking at this corporation that the debtor assigned the property to. But all of a sudden the BAP says, no, I want you to go back and take a look at the family trust that held the property before it went to the debtor and then over to the corporation. It seems like to me that what the BAP is saying is that you should have done more work in a certain area and I want some facts on it. But I, I can't equate that with jurisdiction. It seems to me you're just saying, if I were the bankruptcy judge, I would have done something different. Does it make any difference why it's being sent back? Your Honor, I do not believe it makes any difference as, from a jurisdictional standpoint, why it's being sent back. I think the Court, I think the BAP is saying, the Court may recall that that whole discussion came up in this rooting theory that Judge Baum determined why this property was property of the estate and therefore 549 was appropriate to bring this property back into the estate. The BAP had a difficult time with the rooting theory, thought perhaps it didn't survive the enactment of the code in 1978, yes, 1978. And as a consequence, the case of Siegel was relied on, doesn't apply. But here's this other theory. I personally think that Judge Baum probably, he could have been more artful in his ruling, but probably found that there was also a sham trust, which was also part of why this property was rooted in the estate pre-petition. So I don't think it's going to make a difference, Your Honor, how it's categorized by the BAP in terms of the jurisdictional issue. I think the BAP is saying, I don't, it needs, there's a factual determination that needs to be made, I need to send it back. As a consequence, that makes the BAP's finding not final for this Court's review. Well, how do you see the violin issues, then? Well, the first thing I would say is there's two things I want to make sure we're we're, I get across for the Court's, for the Court to understand. We, I think there's, there's an interrelationship between the jurisdictional issue and the equitable tolling issue, and I think the other side is missing a point. And one of the points is that even if the Court believes that there's this standard that's now, this new standard of equitable tolling adopted by Lawrence, and I don't believe that's the case, I don't think anything has changed, and I think it depends upon the facts of each case. Well, let's start with the violin issues themselves. The first issue is whether or not this will avoid piecemeal litigation. Counsel makes a persuasive argument that this is going to be piecemeal litigation anyway. So is the violin first factor weighing one way or the other as far as this case is concerned? I don't think it weighs one way or the other, Your Honor. I think either way, however the Court decides, this Court decides the issue, it's got to go back to the court, the accuracy court. And it'll come back and see us again. That may well happen. One of the problems I have with the argument, even assuming you find the extraordinary circumstances standard of equitable tolling, you can't – I don't think, Your Honor, you can reverse this. You need to send it back, because perhaps Judge Baum will find extraordinary circumstances in this case. Okay. Well, what about the second? So it's going to go back. What about the second factor of judicial efficiency? Is denying jurisdiction or taking jurisdiction weighed in that – in what way would that be weighed with the second factor? Judicial efficiency, I think, Your Honor, is better served if we send this case back to the – to Judge Baum. Now, why is that? Counsel said that if we take it and decide this case on tolling, the case would be over. Why wouldn't that be the most efficient way of doing it? You know, this piece of the case, as Your Honor said, there are many little disputes in a bankruptcy case. Also back in the bankruptcy court is the issue – there was a trial on whether or not my other client in this case – I wear two hats – Mrs. Gummell, whether her proof of claim was – is valid and whether Judge Baum properly ruled to – properly ruled to overrule the objection to her proof of claim by the debtor. In that case, the issue is whether or not Mrs. Gummell has a secured or unsecured claim. Judge Baum has not entered that order yet, depending what the Court does here. That piece is likely to go up anyway, Your Honor, so I would just assume for efficiency standpoint, it all gets packaged together and we have one appeal. So I think it's unavoidable, and I think it's better to have it all packaged as one as opposed to taking two separate appeals, Your Honor. Okay. The third factor on preserving the bankruptcy court is the factfinder. Does that weigh one way or the other in this case? Oh, it most definitely weighs in favor of sending this back to the bankruptcy court and to Judge Baum. There are factual – the thrust of Congrejo's argument is to ignore the facts of this case, to ignore my – Mr. Bender's wrongdoing, just focused on one thing. You can't ignore the facts, Your Honor. And I take it neither party has said that they're going to run into irreparable harm on this. Correct. So you would say the third and fourth factors are not significant. The first one and the second one will be our focus, but you believe the second one is most important on judicial efficiency and believe that weighs with going ahead. Is that essentially your argument? I think you misheard me on the third. I think the third point of the four factors, Your Honor, also weighs heavily to send this back. I think that the court has to do that. Oh, yeah. We're not going to do any factfinding here. Exactly. Exactly. And this case – and this appeal isn't just a legal issue. This case is about application. Equitable tolling is about application of the facts of the case. You have a standard, and the standard needs to be applied, and it's going to be applied differently in cases, depending upon the facts. You have equitable, which means fairness, and tolling. Then tell us why sending it back to make a determination on whether the family trust was a fraud, get facts on that. What would that have to do with equitable tolling of the statute of limitations? That itself, Your Honor, will have nothing to do with equitable tolling. We've already had a trial on the issue of equitable tolling. That's just a separate issue. And it's just – that goes to the issue of judicial efficiency. Tying it all up, along with the ruling on the claims objection, will wrap it all up, and it comes up to appeal once and for all, instead of having two appeals, Your Honor. That's why I think it is much more efficient to send this case – this case that's clearly not a final order to go back. Does Germain, the Supreme Court decision, affect our Ninth Circuit decisions on this? Is the four-factor test still the right way to approach it? I got to – Your Honor, I'm not familiar with that ruling, so to be honest, I can't answer that question. Let me, if I may, just approach, address just two points. First, the timeliness of this. Let me spend a little time on the timing of a transfer under Section 549. I haven't had a chance to talk about it. I think that's dispositive of this – of this – of the merits of this case. The other – Judge Baum, in a footnote to BAP, says the time for transfer occurred when the deed in this case was executed and delivered, as opposed to when it was recorded. And the theory is that if Congress wanted to define transfer at recordation, it could have done so. It did so in – in Sections 547, the preference section of the Code. It did so in Section 548, the fraudulent conveyance section of the Code. It didn't do so in 549. Well, if that were as simple an analysis as that, it wouldn't – your – your decision in In re Roosevelt wouldn't make any sense. If you remember, in re Roosevelt, that – that case dealt with the issue of when does a transfer occur for purposes of objecting to a discharge under 727 of the Bankruptcy Code. And if you recall, the Court went through some analysis. The Court talked about various places in the Bankruptcy Code where a transfer is defined. It's defined in the definitional section in Section 101. It's defined in 547 and 548. It's not – it's – when a transfer occurs is not defined in Section 549. So Judge Baum, in the BAP, said because it's not defined in 549 and it's defined in 547 and 48, Congress must have intended that transfer is going to be determined based upon the definitional section of 101. But that's not what you said in Roosevelt. What you said in Roosevelt is Congress left it up to the courts to determine under certain circumstances when a transfer occurs. And you went on in that case to talk about, you know, various policies behind when a transfer will occur. You mentioned what was called the bona fide purchaser rule. And you didn't apply it in that case because, and rightfully so, in 727 it deals with the actions between the parties. Here, now you're talking about what's involved in bringing property back into the estate by a trustee. You're talking about an avoidance power under 544 all the way through Section 550. Can you help me with something? I'm thinking about something else and I need you to back up to it. Surely. I'm still thinking about equitable tolling if we do find we have jurisdiction. It looked to me as though there are two grounds for it. And they both raise questions in my mind I'd like you to address. One is that the debtor was evasive and deceptive during discovery so that the trustee only got snippets. But the trustee did know that there was something about this property that was being hidden from him, basically. The other ground was they were discussing settlement. Now, when I draw an analogy to ordinary statute of limitations cases, usually all you need is sufficient notice so that you would inquire. And although in this case inquiry was made and it was deceptive responses that interfered with it. And usually settlement negotiations don't toll the statute. For example, in a routine auto accident case, the liability insurer may be able to tell the plaintiff between counsel whether they're going to settle. But unless they send a letter saying, we won't assert the statute of limitations as a bar until we give you further notice that settlement negotiations are failed, they can assert it. So I wonder whether the judge made a mistake that we should take up on equitable tolling. There are two questions, Your Honor. I'll address the last one first. The judge, I'm quite sure, did not make a mistake. I think if you go back and read the record, you will find that the settlement discussions was not a global settlement, not a discussion about this piece of property. It was a settlement dealing with the pending discovery disputes and the failure of the debtor to provide documents pursuant to discovery. That's what the settlement discussion. I think you'll find it in one or two or three letters. That's what the settlement is. It is not as an --- I'm quite certain it has nothing to do with this --- with even dealing with this property. And also, be mindful of the fact that this isn't just a discussion. This is a discussion. Why wouldn't it be incumbent on the creditor to do a request for production, send me a copy of the trust instrument. And when the instrument doesn't come in 30 days and there's a phone call, well, we need more time, and then it doesn't come in 60 days, motion to compel production of the trust instrument, it still doesn't come, you then proceed. Well, and that's what happened here. There are two things. First of all, also be mindful that the debtor in this case had a statutory duty. I know I'm running out of time. Had a statutory duty, irrespective of any discovery request to provide all that stuff. Had a statutory duty. He completely failed to comply with his statutory duty. But the other answer is there's more to filing a lawsuit than just having somebody tell you that I had this piece of property. You want to find out why did somebody transfer this property? Who did they transfer it to? Was there consideration? There are a lot of other things that a good, competent counsel needs to find out. And that's the counsel for the trustee at that time did all of those things. He conducted his investigation. Thank you. Roberts. Roberts. Thank you, counsel. Mr. LaVoy, you have some reserve time. LaVoy. Thank you very much, Your Honor. I think the – with regard to the four byline factors, I would suggest that the first two are only pertinent or meaningful in the jurisdictional analysis. And I think that the efficiency concern is overriding. And you can see so when you just imagine the fork in the road. If we go down the fork to the left, the road to the left, which is accepting jurisdiction, we may just have one proceeding, which would be Your Honor's ruling in this case. You could have the possibility of you not adopting my argument as to Lawrence, and we go back to the trial court and have more proceedings. But if you go my way, we have one proceeding. Well, now, what about your opponent's, Mr. Engelman's, comment that there really are other issues and other matters? There are other matters, but wholly unrelated to this adversary proceeding and the claim at issue in this adversary proceeding, which is recovery of the land. Is that saying – There are several adversary proceedings in the lawsuit. But what – I mean, opposing counsel is sort of trying to have it both ways. On the one hand, he's saying that this is a discrete matter, and then saying on the other hand, but there are all these other matters, and this could have some potential collateral effect on those other matters, so let's send it back, even though those matters aren't part and parcel of this adversary case. Is that what happened? Did the BAP send this back because they thought fact-finding on the family trust would help in determining the statute of limitations? If that was the intent, it was unspoken and unwritten in the opinion. And so it isn't in there at all. No. I mean, what BAP said is they said, look, we think Judge Baum got the Siegel rooting analysis wrong, but there is this alternative theory which may bring the land into the estate. If the trust was a sham, let's remand it. And we came up to the Ninth Circuit to say, yes, we understand that. We don't dispute that there might be this alternative theory. But if this case is time-barred, there's no point to have that analysis. The other hand, if the trust is a sham, then there's no need to have the analysis on the equitable tolling. No, there absolutely is. I completely disagree. It's not jurisdictional. Let's suppose that you were to remand it. A statute of limitations is not jurisdictional. It just goes to the merits. If a party loses either on statute of limitations or on some other ground, it's And the other ground is easier. You can just go with that. Well, maybe I'm misunderstanding your question. My point is that if you were to remand to resolve the sham issue and I lost, I'm going to be back here. Why wouldn't we just say it doesn't matter if a limitations bar applied or not, because if it – because they still – the property was transferred. Even if it was estate property, it was transferred out of the estate. That's the predicate for a 549 action, is that, A, it was estate property and, B, it was transferred out of the estate. So even if you were to find that it was estate property, the question is whether the action to recover it under 549 after its transfer out of the estate is timely. And so even if the trial – So we would have to – You would. You're going to be back here. And so my point is if you go down Road B and remand it, we're going to have at least three proceedings at a minimum. We're going to have the new trial in the trial court on the sham issue. Then we're going to have a back case. And then we're going to have this same case again. So if you retain jurisdiction, you have the possibility of only having one proceeding. If you remand, you're guaranteed three proceedings. What happens if the conclusion in the bankruptcy court is it's a real trust, it's not a sham? Well, I can tell you that based on my experience, I don't know what the likelihood is. I'd be pleased at that outcome. What happens then? Well, if that were to happen, then the Congrejo would win. So I guess that you do have the one proceeding option under Road B as well, although I'm not as optimistic as you may be about that outcome. I haven't retouched it at all. No, no, no. I'm just trying to find out the possibilities. The trial attorneys come to the appellate level with the flavor of the trial court proceedings. We understand, counsel. And if I could just make one quick point. I'd like to point out that I was not the attorney in the trial court who handled these discovery matters for Mr. Bender. Thank you, counsel. Your time has expired. The case just argued will be submitted and the court will take its morning recess.
judges: Wallace, O'scannlain, Kleinfeld